JPL/DLB                                                                 514-43-8-162

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:12-cv-07498 |
| v. | ) ) ) | Hon. Joan B. Gottschall |
| DODSON COMPANY, LLC, JEFFREY DODSON and G.M. SIGN, INC. | ) ) ) | |
| Defendants. | ) ) | |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY, by their attorneys CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC, for their First Amended Complaint for Declaratory Judgment against Defendants, DODSON COMPANY, LLC, JEFFREY DODSON and G.M. SIGN, INC., state as follows:

### Nature of Action and Relief Sought

1.  SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA ("SICSC") and SELECTIVE WAY INSURANCE COMPANY ("Selective Way") seek a declaration in accordance with 28 U.S.C. § 2201 that they owe no duty to defend DODSON COMPANY, LLC ("Dodson Company") or JEFFREY DODSON ("Dodson") in the lawsuit entitled *G.M. Sign, Inc., an Illinois corporation, individually and as the representative of a class of similarly situated persons v. Dodson Company, LLC and*

*Jeffrey Dodson*, which is currently pending in the Circuit Court of the 19th Judicial District, Lake County, Illinois under case no. 08 CH 4999 (the "underlying case").

## Parties

2. SICSC is a corporation that is organized under the laws of Indiana with its principal place of business in New Jersey. SICSC is an insurance carrier that is licensed to issue policies in the State of Michigan.

3. Selective Way is a corporation that is organized under the laws of New Jersey with its principal place of business in New Jersey. Selective Way is an insurance carrier that is licensed to issue policies in the State of Michigan.

4. On information and belief, Dodson Company is a Michigan limited liability company with its principal place of business in the State of Michigan.

5. On information and belief, Dodson is an individual domiciled in the State of Michigan and is a citizen of the State of Michigan.

6. On information and belief, G.M. SIGN, INC. ("G.M. Sign") is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois. G.M. Sign is named as a party defendant in this action because of its status as the plaintiff in the underlying case, further described below.

## Jurisdiction and Venue

7. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201 insofar as SICSC and Selective Way seek a declaration of rights and duties under an insurance policy.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). All of the defendants are subject to personal jurisdiction in this District. Additionally, a substantial part of the acts giving rise to this dispute occurred within this District.

## Allegations Common to All Counts

9. SICSC issued a policy of insurance bearing policy number S 1852652 to the named insured "DODSON COMPANY, LLC" for the effective policy period of April 21, 2008 to April 21, 2009 (the "08-09 policy"). The 08-09 policy contains Businessowners Coverage. A copy of the 08-09 policy is attached hereto as **Exhibit 1**.

10. Selective Way issued a policy of insurance bearing policy number S 1852652 to the named insured "DODSON COMPANY, LLC" for the effective policy period of April 21, 2009 to April 21, 2010 (the "09-10 policy"). The 09-10 policy contains Businessowners Coverage, and is attached hereto as **Exhibit 2**. Where appropriate, the 08-09 and 09-10 policies will collectively be referred to as the "subject policies."

11. On or about August 18, 2009, G.M. Sign filed a First Amended Class Action Complaint against Dodson Company and Dodson in a case entitled, *G.M. Sign, Inc., an Illinois corporation, individually and as the representative of a class of similarly situated persons v. Dodson Company, LLC and Jeffrey Dodson*, in the Circuit Court of the 19th Judicial District, Lake County, Illinois under case no. 08 CH 4999 (the "underlying case"). A copy of the First Amended Class Action Complaint filed in the underlying case is attached hereto as **Exhibit 3**, and is hereinafter referred to as the "underlying complaint."

3

12. In the underlying complaint, G.M. Sign alleges that on or about October 27, 2008, the defendants transmitted by telephone facsimile machine an unsolicited facsimile to G.M. Sign without permission to do so. *See*, Ex. 3, ¶11.

13. G.M. Sign alleges that the defendants sent similar telephone facsimiles to other recipients without first receiving their express permission or invitation. *See*, Ex. 2, ¶13.

14. Based on these allegations, the underlying complaint pleads claims against the defendants pursuant to the "Telephone Consumer Protection Act, 47 U.S.C. § 227" (Count I), the theory of "Conversion" (Count II) and pursuant to the "Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2" (Count III).

15. The underlying case is a putative class action.

16. The underlying case seeks class certification of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship.

17. The class period that G.M. Sign seeks to certify concluded at the filing of the underlying case.

18. The underlying complaint seeks relief, in Count I, of "$500 in damages for each violation of the TCPA," "an injunction prohibiting the defendants from engaging in TCPA violations," and "such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees."

4

19. In Count II, G.M. Sign seeks "appropriate damages," the costs of the suit, and "such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member."

20. In Count III, G.M. Sign seeks "damages," attorney fees and costs, "an injunction prohibiting the defendants from sending unsolicited fax advertisements to Illinois consumers" and "such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual member."

## COUNT I
### The BP Form in the Subject Policies Does Not Provide Coverage for the Claims Asserted in the Underlying Case

21. The subject policies each contain a "Businessowners Coverage Form" bearing form no. BP 00 03 07 02 (the "BP form"). The BP form contains a Commercial Property Section (Section I) and a Business Liability Section (Section II). The underlying case does not contain first party claims for property damage, accordingly Section I of the BP form in the subject policies does not apply to the underlying case.

22. Section II of the BP form applies, in certain circumstances, subject to all its terms, condition, exclusions, and limitations to "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' * * * to which this insurance applies."

23. The BP form in the subject policies defines "bodily injury" as follows:

> **"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.**

24. The BP form in the subject policies defines "property damage" as follows:

> a. **Physical injury to tangible property, including all resulting loss of use of that property. All such**

    loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. **Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.**

**For the purposes of this insurance, electronic data is not tangible property.**

**As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy discs, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.**

  25. The underlying case does not allege any claims for "bodily injury" or "property damage" as those terms are defined in the subject policies. As a result, the language of the BP form in the subject policies applying to "bodily injury" and/or "property damage" is inapplicable to the underlying case.

  26. The Insuring Agreement in Section II of the BP form also states that the "bodily injury" or "property damage" must be caused by an "occurrence" as that term is defined in the subject policies.

  27. The BP form in the subject policies contains the following definition of "occurrence":

**"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

  28. Even if the claims against the defendants seek to recover for "bodily injury" or "property damage" (and SICSC and Selective Way deny that they do), the

6

alleged damages at issue in the underlying case were not caused by an "occurrence" as that term is defined in the BP form contained in the subject policies.

29. Section II of the BP form in the subject policies states that coverage is only available for "bodily injury" or "property damage" caused by an "occurrence" that takes place during the effective period of the subject policies.

30. To the extent that the underlying case seeks damages for "bodily injury" or "property damage" caused by an "occurrence" outside of the effective period of the 08-09 policy, i.e. April 21, 2008 to April 21, 2009, Section II of the BP form in the 08-09 policy is inapplicable to the underlying case.

31. To the extent that the underlying case seeks damages for "bodily injury" or "property damage" caused by an "occurrence" outside of the effective period of the 09-10 policy, i.e. April 21, 2009 to April 21, 2010, Section II of the BP form in the 09-10 policy is inapplicable to the underlying case.

32. The BP form in the subject policies contains an Expected or Intended Injury exclusion, which provides in relevant part:

> This insurance does not apply to:
>
> **a.  Expected Or Intended Injury**
>
> **"Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. * * ***

33. To the extent that the underlying case asserts a claim for "bodily injury" or "property damage" caused by an "occurrence," (which SICSC and Selective Way deny), the Expected Or Intended Injury exclusion applies to bar coverage for the underlying case under Section II of the BP form in the subject policies.

7

34. Section II of the BP form in the subject policies also applies, in certain circumstances, subject to all its terms, conditions, exclusions, and limitations, to "sums that the insured becomes obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

35. The BP form in the subject policies defines "personal and advertising injury" as follows:

> "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

36. The underlying case does not allege any claims for the commission of any of the offenses enumerated in the definition of "personal and advertising injury."

8

Accordingly, the language in Section II of the BP form in the subject policies applying to "personal and advertising injury" is inapplicable to the underlying case.

37. The BP form in the subject policies states that coverage only applies to "personal and advertising injury" offenses that were committed during the effective period of the subject policies.

38. To the extent that the underlying case seeks damages for "personal and advertising injury" offenses committed outside of the effective period of the 08-09 policy, i.e. April 21, 2008 to April 21, 2009, Section II of the BP form in the 08-09 policy is inapplicable to the underlying case.

39. To the extent that the underlying case seeks damages for "personal and advertising injury" offenses committed outside of the effective period of the 09-10 policy, i.e. April 21, 2009 to April 21, 2010, Section II of the BP form in the 09-10 policy is inapplicable to the underlying case.

40. The BP form in the subject policies contains a Knowing Violation of Rights of Another exclusion applicable to "personal and advertising injury," which states as follows:

> **This insurance does not apply to:**
> \* \* \*
> **p.    Personal And Advertising Injury**
> \* \* \*
> **(1)    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".**

41. To the extent that the underlying case asserts a claim for "personal and advertising injury" (which SICSC and Selective Way deny), the Knowing Violation of

9

Rights of Another exclusion applies to bar coverage for the underlying case under Section II of the BP form in the subject policies.

42. The BP form in the subject policies contains as Advertising Business exclusion applicable to "personal and advertising injury," which states as follows:

> **This insurance does not apply to:**
> \* \* \*
> p. **Personal And Advertising Injury**
> \* \* \*
> (9) Committed by an insured whose business is:
>
> (a) Advertising, broadcasting, publishing or telecasting;
>
> (b) Designing or determining content of web-sites for others; or
>
> (c) An Internet search, access, content or service provider.
>
> **However, this exclusion does not apply to Paragraphs 14.a, b. and c. of "personal and advertising injury" under Paragraph F. Liability and Medical Expenses Definitions.** \* \* \*

43. At all times relevant, Dodson Company and Dodson were in the business of advertising, broadcasting and/or publishing. *See*, a copy of a Dodson Company press release indicating that Dodson Company and Dodson have been in the business of offering direct mail marketing solutions to customers since 1998, attached hereto as **Exhibit 4**.

44. Therefore, to the extent that the underlying case asserts a claim for "personal and advertising injury" (which SICSC and Selective Way deny), the

Advertising Business exclusion applies to bar coverage for the underlying case under Section II of the BP form in the subject policies.

45. The BP form in the subject policies contains a Professional Services exclusion applicable to "bodily injury," "property damage" and "personal and advertising injury," which states as follows:

> **This insurance does not apply to:**
> \* \* \*
> j. **Professional Services**
>
> > "Bodily injury", "property damage", "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:
> >
> > (1) Legal, accounting or advertising services.

46. To the extent that the underlying case asserts a claim for "bodily injury," "property damage" or "personal and advertising injury" (which SICSC and Selective Way deny), the Professional Services exclusion applies to bar coverage for the underlying case under Section II of the BP form in the subject policies.

47. G.M. Sign is named as a necessary party in this action because of its status as the plaintiff in the underlying case.

48. An actual controversy exists between the parties hereto, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

WHEREFORE, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY, pray that this Court enter a declaratory judgment in its favor and against Defendants DODSON COMPANY, LLC, JEFFREY DODSON and G.M. SIGN, INC. declaring, adjudging and decreeing as follows:

11

a. That the underlying case does not allege a claim for "bodily injury" as that term is defined by the BP form in the subject policies;

b. That the underlying case does not allege a claim for "property damage" as that term is defined by the BP form in the subject policies;

c. That the underlying case does not allege a claim for "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the BP form in the subject policies;

d. That even if the underlying case does allege a claim for "bodily injury" or "property damage" caused by an "occurrence" (which SICSC and Selective Way deny), there is no coverage for any claim for "bodily injury" or "property damage" that occurs outside of the effective periods of the subject policies.

e. That even if the underlying case does allege a claim for "bodily injury" or "property damage" caused by an "occurrence" (which SICSC and Selective Way deny), the Expected or Intended Injury exclusion bars coverage;

f. That the underlying case does not allege a claim for "personal and advertising injury" as that term is defined in the BP form in the subject policies;

g. That even if the underlying case does allege a claim for "personal and advertising injury" (which SICSC and Selective Way deny), there is no coverage for any claim for "personal and advertising injury" caused by an offense committed outside the effective periods of the subject policies;

h. That even if the underlying case does allege a claim for "personal and advertising injury" (which SICSC and Selective Way deny), the Knowing Violation of Rights of Another exclusion in the subject policies bars coverage;

i. That even if the underlying case does allege a claim for "personal and advertising injury" (which SICSC

12

        and Selective Way deny, the Advertising Business exclusion in the subject policies bars coverage;

j.     That even if the underlying case does allege a claim for "bodily injury," "property damage" or "personal and advertising injury" (which SICSC and Selective Way deny), the Professional Services exclusion in the subject policies bars coverage;

k.     That, as a result, SICSC and Selective Way have no duty to defend the Dodson Company and Dodson in the underlying case;

l.     That, as a result, SICSC and Selective Way have no duty to indemnify the Dodson Company and Dodson in the underlying case;

m.     That SICSC and Selective Way are entitled to such other and further relief as this Court deems appropriate.

## ALTERNATIVE COUNT II
### No Coverage for Injunctive Relief

1-48.     SICSC and Selective Way reassert and re-allege Paragraphs 1-48 of Count I as Paragraphs 1-48 of Alternative Count II as if fully set forth herein.

49.     The underlying complaint seeks the imposition of injunctive relief prohibiting the defendants from "engaging in the statutory violations at issue" and from "sending unsolicited fax advertisements to Illinois Consumers."

50.     The subject policies only provide coverage for "sums the insured becomes legally obligated to pay as 'damages' because of 'bodily injury', 'property damage' or 'personal and advertising injury'".

51.     Pleading in the alternative and without prejudice to SICSC and Selective Way's position that no coverage is available to the defendants under the subject policies for the underlying case, to the extent that it is determined that any potential coverage

exists, there is no coverage for any injunctive relief against the defendants as such relief does not constitute an award to "damages" as that term is defined in the subject policies.

52. G.M. Sign also seeks to recover its attorneys' fees and costs incurred in prosecuting the underlying case. Such amounts, if awarded, are not "damages" as that term is used within the subject policies.

53. G.M. Sign is named as a necessary party in this action because of its status as the plaintiff in the underlying case.

54. An actual controversy exists between the parties hereto, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

WHEREFORE, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY, pray that this Court enter a declaratory judgment in its favor and against Defendants DODSON COMPANY, LLC, JEFFREY DODSON and G.M. SIGN, INC. declaring, adjudging and decreeing as follows:

    a. That in the event that coverage exists for the Dodson Company and Dodson under the subject policies with respect to the underlying case (and SICSC and Selective Way deny any such coverage exists), there is no coverage available for any injunctive relief awarded against Dodson Company and Dodson in the underlying case;

    b. That in the event that coverage exists for Dodson Company and Dodson under the subject policies with respect to the underlying case (and SICSC and Selective Way deny any such coverage exists), there is no coverage available for attorneys fees or costs assessed against Dodson Company and Dodson in the underlying case; and

    c. That SICSC and Selective Way are entitled to such other and further relief, as this court deems

appropriate.

## ALTERNATIVE COUNT III
### No Coverage for Punitive Damages

1-54. SICSC and Selective Way reassert and re-allege Paragraphs 1-54 of Alternative Count II as Paragraphs 1-54 of Alternative Count III as if fully set forth herein.

55. The underlying case seeks statutory damages of $500 "for each violation of the TCPA." Statutory damages under the TCPA are punitive in nature.

56. The subject policies do not provide coverage for punitive damages.

57. As a result, any statutory damages under the TCPA assessed against the defendants in the underlying case are not covered under the subject policies.

58. G.M. Sign is named as a necessary party in this action because of its status as the plaintiff in the underlying case.

59. An actual controversy exists between the parties hereto, making this case appropriate for disposition pursuant to 28 U.S.C. § 2201.

WHEREFORE, SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY, pray that this Court enter a declaratory judgment in its favor and against Defendants DODSON COMPANY, LLC, JEFFREY DODSON and G.M. SIGN, INC. declaring, adjudging and decreeing as follows:

    a. That in the event that coverage exists for the Dodson Company and Dodson under the subject policies with respect to the underlying case (and SICSC and Selective Way deny any such coverage exists), any statutory damages assessed under the TCPA against the Dodson Company and Dodson

        are punitive in nature and are not covered under the subject policies;

b.    That SICSC and Selective Way will have no duty to indemnify the Dodson Company and Dodson with respect to statutory damages assessed under the TCPA against the Dodson Company and Dodson in the underlying case; and

c.    That SICSC and Selective Way is entitled to any other and further relief, as this Court deems appropriate.

    SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and SELECTIVE WAY INSURANCE COMPANY

By:   /s/ Drew L. Block
        One of their Attorneys

John P. Lynch, Jr.
Drew L. Block
CREMER, SPINA, SHAUGHNESSY, JANSEN & SIEGERT, LLC
One North Franklin, 10th Floor
Chicago, Illinois 60606
(312) 726-3800
(312) 726-3818 Facsimile
514-43/303219